THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INITIATIVE MERCHANT SOLUTIONS, LLC,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>POSABIT US, INC.,<br><br>　　　　　　　　Defendant. | CASE NO. C22-1724-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to dismiss Plaintiff's complaint (Dkt. No. 9). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I.    BACKGROUND[1]

Defendant provides point of sale technology and services to cannabis merchants. (Dkt. No. 1 at 3.) Plaintiff entered into a referral agreement with Defendant, whereby Plaintiff would refer merchants to Defendant in exchange for residual payments generated from the referred merchants. (*Id.*) In November 2021, Defendant adjusted the residuals for LivWell, a merchant referred by Plaintiff. (*Id.* at 5.) Plaintiff alleges this adjustment was improper and in

---

[1] The Court accepts Plaintiff's account for purposes of this order.

contravention of the parties' agreement. (*Id.* at 6.) At the time, Defendant indicated that the adjustment was justified by an amended pricing structure, which the referral agreement allows. (*Id.*) In July 2022, Plaintiff learned that Nature's Medicine, another merchant referred by Plaintiff, had purchased cannabis retailer, PurLife, which began to use Defendant's services. (*Id.* at 7.) Plaintiff asked Defendant why it was not receiving residual payments for the PurLife stores. (*Id.* at 8.) Defendant replied that it would not pay residuals for the new stores. (*Id.*) Shortly thereafter, Defendant terminated the referral arrangement, stating Plaintiff had failed to meet mandatory referral minimum requirements. (*Id.* at 9.)

In December 2022, Plaintiff filed a complaint against Defendant with this Court, asserting breach of contract and violations of the Washington Consumer Protection Act ("CPA"). (Dkt. No. 1.) Defendant moves to dismiss, arguing Plaintiff fails to state any claims upon which relief can be granted. (Dkt. No. 9.)

## II.    DISCUSSION

### A.    Legal Standard

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is facially plausible when the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Court accepts factual allegations in the complaint as true and draws all reasonable inferences from those facts in favor of the nonmovant. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). The Court may not typically consider evidence outside the pleadings without converting the motion into one seeking summary judgment. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). But it may consider certain materials, including documents attached to the complaint, without converting the motion. *Id.* (citations omitted).

      **B.**      **Breach of Contract**

Under Washington law,[2] to succeed on its breach of contract claim, Plaintiff must show that the contract imposed a duty, that Defendant breached the duty, and that the breach proximately caused Plaintiff's damages. *Nw. Indep. Forest Mfrs. V. Dept. of Lab. & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995). When interpreting the contract, (a) the parties' intention controls, (b) intent is ascertained from reading the contract as a whole, and (c) ambiguity will not be read into the contract where the language used is unambiguous. *Felton v. Menan Starch Co.*, 405 P.2d 585, 588 (Wash. 1965). A contract provision is ambiguous when its terms are uncertain or capable of being understood as having more than one meaning. *Mayer v. Pierce Cty. Med. Bureau, Inc.*, 909 P.2d 1323, 1326 (Wash. Ct. App. 1995).

Defendant argues that the referral agreement requires residuals be paid only on revenues from referred merchants. (Dkt. No. 9 at 10.) And PurLife is not a referred merchant. (Dkt. No. 9 at 11.) Therefore, according to Defendant, there could be no breach of contract based on its failure to pay residuals related to PurLife. (*Id.*)

But according to the agreement,[3] "[Plaintiff's] sole compensation . . . shall be calculated as a percentage of the Revenue *derived* from the Referred Merchant . . . ." (Dkt. No. 1 at 16) (emphasis added). Contrary to Defendant's assertions otherwise, there is some ambiguity as to what constitutes revenue "derived" from a Referred Merchant. Where there is uncertainty, the Court may ascertain the intent of the parties by viewing, "the contract as a whole, the subject matter and objective of the contract, all the circumstances surrounding the making of the contract, the subsequent acts and conduct of the parties to the contract, and the reasonableness of respective interpretations advocated by the parties." *Tanner Elec. Coop. v. Puget Sound Power & Light*, 911 P.2d 1301, 1310 (Wash. 1996) (citations omitted). Given the ambiguity in the

---

[2] Under the parties' referral agreement, Washington law governs this dispute. (Dkt. No. 1 at 19.)

[3] Because the agreement is attached as an exhibit to the complaint, (*see* Dkt. No. 1 at 13–21), the Court may consider it at this stage. *See Ritchie*, 342 F.3d at 908.

contract, the Court cannot conclusively determine that Plaintiff's breach of contract claim fails at this stage.[4]

Accordingly, the Court DENIES Defendant's motion to dismiss Plaintiff's breach of contract claim.

### C.  Washington Consumer Protection Act

To state a CPA claim, Plaintiff must establish each of the following elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 533–35 (Wash. 1986).

Defendant argues, amongst other things, that the complaint fails to satisfy the first prong, in that it fails to allege an "unfair or deceptive act or practice." (Dkt. No. 9 at 12.) Unless a CPA claim is based on a *per se* statutory violation, the act or practice alleged must have the capacity to deceive a substantial portion of the public. *Hangman Ridge Training Stables*, 719 P.2d at 535–36. Here, the complaint fails to allege that Defendant committed any statutory violations, or assert facts to show that Defendant's actions have the capacity to deceive a substantial portion of the public. (*See generally* Dkt. No. 1.) Nor does it allege *any* action directed at the public. (*Id.*); *see Kelley-Ross & Assoc., Inc. v. Express Scripts, Inc.*, 2022 WL 1908917, slip op. at 6 (W.D. Wash. 2022) (citing cases).

Plaintiff counters that, because the referral agreement between the parties appears to be a form agreement used with many parties, by its very nature, it has the capacity to deceive a substantial portion of the public. (Dkt. No. 10 at 10.) But the fact that Defendant contracts with other parties, and may use a form agreement to do so, does not mean that its activities necessarily have the potential to deceive a "substantial portion of the public." *See Goodyear Tire & Rubber*

---

[4] Defendant argues that the term "affiliates" is defined in the agreement and used in other sections, and Plaintiff's interpretation rewrites the agreement to allow residual payments for referred merchants and their affiliates. (Dkt. No. 11 at 7.) But the fact that "affiliates" is used elsewhere does not conclusively resolve the ambiguity in the contract provision at issue.

*Co. v. Whiteman Tire, Inc.*, 935 P.2d 628, 635 (Wash. Ct. App. 1997) ("Only acts that have the capacity to deceive a *substantial* portion of the public are actionable"). Moreover, it is more difficult to show that conduct is in violation of the public interest when the transaction is a private dispute, as it is here, rather than a consumer transaction. *See Id.* at 635. Without more specific allegations, Plaintiff cannot meet the first prong for a CPA claim. And for this reason, the Court must dismiss this claim.

Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's claim for violation of the CPA. Plaintiff's CPA claims is DISMISSED without prejudice.[5]

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 9) is GRANTED in part and DENIED in part. Plaintiff's CPA claim is DISMISSED without prejudice. If Plaintiff chooses to file an amended complaint, it must do so within thirty (30) days of this order. The breach of contract claim survives.

DATED this 19th day of April 2023.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[5] When a complaint or claim is dismissed pursuant to Rule 12(b)(6), "leave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990).