UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| INITIATIVE MERCHANT SOLUTIONS LLC,<br><br>      Plaintiff,<br> v.<br><br>POSABIT US INC,<br><br>      Defendant. | CASE NO. C22-1724-KKE<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RESET DEADLINES AND DENYING AS MOOT PLAINTIFF'S MOTION TO DISMISS ACTION WITHOUT PREJUDICE AND WITHOUT COSTS |

Plaintiff Initiative Merchant Solutions LLC ("IMS") asks the Court to either reopen all expired case deadlines, or to grant a voluntary dismissal of this action without prejudice or costs. Defendant POSaBIT US Inc. ("Posabit") opposes both requests.  The Court previously denied IMS's attempt to reopen discovery and finds that its new attempt also fails to show good cause or excusable neglect that would warrant reopening expired deadlines.  Each fact IMS identifies in support of its motion to reopen is contradicted by the record.  The record also shows that any delays in setting a trial date were based on both parties' failure to move this case forward.  Finally, the Court finds that upon a voluntary dismissal without prejudice, Posabit would be entitled to at least some costs and fees.  Thus, consistent with IMS's request in its reply brief, the Court will deem the motion for dismissal withdrawn.

I.  BACKGROUND

This case arises from a contract dispute, but only the procedural history is relevant to this motion. In December 2022, IMS sued Posabit for breach of contract and violations of the Washington Consumer Protection Act ("CPA"). Dkt. Nos. 43. After briefing on Posabit's motion to dismiss (Dkt. Nos. 9–11), the Court dismissed the CPA claim (Dkt. No. 13) and issued a case schedule with a jury trial set for May 13, 2024 (Dkt. No. 17). After the parties stipulated to various case schedule extensions (Dkt. Nos. 22, 26), on March 8, 2024, the Court amended the schedule so that trial would begin June 10, 2024. Dkt. No. 27. The parties did not stipulate to extend the previous discovery deadline of January 29, 2024 (Dkt. No. 17). Dkt. No. 26.

On March 29, 2024, IMS moved for leave to file a supplemental complaint and to reopen discovery. Dkt. No. 28. In response, Posabit only opposed reopening discovery. Dkt. No. 36. The Court heard oral argument on May 1, 2024. Dkt. Nos. 45, 57. During the hearing, the Court asked IMS what discovery it needed, to which IMS responded, "IMS needs to know the number of transactions, the sales volumes, in order to be able to calculate its damages." Dkt. No. 57 at 6–7. To resolve the issue of IMS's need for additional discovery, Posabit agreed to provide "transaction records which detail the number of transactions that each of the referred merchants made, the sales volume for all of those transactions, so it's similar to the commission reports POSaBIT has previously provided[.]" *Id.* at 18. The parties also tentatively agreed to move the trial date to August 12, 2024, based on the Court's availability. *Id.* at 21.

On the record (Dkt. No. 57 at 21–22) and in a subsequent written order, the Court granted IMS's motion to amend the complaint and denied IMS's motion to reopen discovery "subject to the agreement on the record that Defendant will supplement its discovery responses and produce the additional transaction documents discussed at the hearing." Dkt. No. 46. The Court further

ordered the parties to contact the Courtroom Deputy "about adjustments to the trial date and pre-trial case schedule in accordance with the discussion on the record." *Id*.

Upon receiving confirmation that all parties were available for trial on August 12, 2024, the Court entered an order striking the June trial date and setting trial for August 12, and instructing the parties to submit a joint proposal for pretrial deadlines by May 31, 2024.  Dkt. No. 49.  On May 30, 2024, the parties filed a stipulation to vacate the trial date and asked the Court to "provide available trial dates in October or November 2024."  Dkt. No. 51 at 2.  The Court granted the stipulation, struck the trial date and upcoming deadlines, and ordered the parties to contact the Courtroom Deputy to reschedule the trial date.  Dkt. No. 52.

Neither party complied with the Court's order to contact the Courtroom Deputy to select a trial date.  Rather, nearly a month later, on July 3, 2024, IMS filed the instant motion to reset all pretrial deadlines or, in the alternative, to voluntarily dismiss the action.  Dkt. No. 53.  The parties have completed briefing (Dkt. Nos. 58, 60) and with neither party requesting oral argument, and the Court finding oral argument unnecessary, the motion is ripe for consideration.

## II.   ANALYSIS

### A.   IMS Cannot Reopen Expired Deadlines.

The parties agree that to reopen expired deadlines, IMS must show both excusable neglect to extend expired deadlines and good cause to extend closed discovery.  Dkt. No. 53 at 7, Dkt. No. 58 at 9–10.  To find excusable neglect, the Court should consider:

> (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.

*Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  Though like the excusable neglect inquiry, the good cause analysis requires the Court to evaluate:

> (1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

IMS's analysis of each set of factors relies on two facts: (1) Posabit did not produce the discovery promised during the May 1, 2024, hearing, and (2) trial cannot be set until March 2025 or later based on Posabit's schedule.  Dkt. No. 53 at 1–2, 8–9.  Because these facts are not supported by the record, IMS's arguments for good cause and excusable neglect fail.

First, Posabit complied with the Court's May 1, 2024 order to supplement its document production.  The Court very explicitly and narrowly ordered Posabit to provide transaction records (Dkt. No. 46 at 1) which counsel for IMS described as "transaction records which detail the number of transactions that each of the referred merchants made, the sales volume for all of those transactions." Dkt. No. 57 at 18.  Even more specifically, IMS described the requested information as like "the commission reports that POSaBIT has previously provided." *Id.*  Posabit's counsel attests that Posabit produced "updated versions of spreadsheets depicting the transactions for all Referred Merchants through December 2023 and for transactions that took place to date after the Referred Merchants were transitioned off of PIN Debit[.]" Dkt. No. 59 ¶ 6.  IMS does not dispute this production was made or that the specified transaction records were provided.  *See generally* Dkt. No. 60.  Instead, IMS argues that the Court ordered Posabit to supplement *all* of its discovery responses.  Dkt. No. 53 at 6 ("[T]his Court entered an order requiring Posabit to supplement its

discovery responses."), Dkt. No. 60 at 4. A review of the transcript (Dkt. No. 57) and order (Dkt. No. 46) makes clear that the Court ordered Posabit to supplement its discovery responses by providing the identified transaction records, not to generally "supplement discovery." IMS's revisionist history is especially concerning considering IMS was present during the hearing when the parties agreed that supplementation via the transaction records alone would address IMS's concerns. *See* Dkt. No. 57 at 7, 13, 17–19.[1]

Second, IMS posits trial must be set for March 2025 or later based on Posabit's schedule, and IMS uses this supposed fact to argue reopening the expired case deadlines will not cause delay or prejudice. Dkt. No. 53 at 8–9. But this argument ignores the reality that while Posabit had proposed a March 2025 trial to give the parties time to mediate, Posabit never stated it was *only* available in March 2025. Dkt. No. 59 at 79. Rather, IMS never responded to Posabit's proposed trial date or objected to such a delay. *Id.* at 4, 79. Moreover, the Court twice asked the parties to provide their availability for trial to the Courtroom Deputy (Dkt. Nos. 46, 52) and neither party did. Any delay in the trial date is due to both parties' failure to, together or separately, provide their availability to the Court. The hypothetical March trial date cannot now be used as a reason for reopening case deadlines.

In sum, the facts IMS relies on to show excusable neglect or good cause to reopen expired case deadlines are unsupported. There is no reason to reopen expired deadlines and IMS's motion is denied.

---

[1] To the extent IMS argues that Posabit is now "withholding" other documents, Posabit's statements that it produced documents "sufficient to show" and that it produced documents "that could be located" do not establish that Posabit has withheld documents. *See* Dkt. No. 53 at 5–6. Moreover, as IMS insists, this is not a motion to compel nor has IMS moved to compel. Dkt. No. 60 at 2.

ORDER DENYING PLAINTIFF'S MOTION TO RESET DEADLINES AND DENYING AS MOOT
PLAINTIFF'S MOTION TO DISMISS ACTION WITHOUT PREJUDICE AND WITHOUT COSTS - 5

**B.      IMS Is Not Entitled to a Dismissal without Prejudice and without Costs.**

Because the Court denies IMS's motion to reopen deadlines, it will consider IMS's alternative request to dismiss the case without prejudice and without costs under Federal Rule of Civil Procedure 41(a)(2). Dkt. No. 53 at 10–11. Posabit responds that any dismissal without prejudice should include an order requiring IMS to pay Posabit's costs and fees incurred for "all responsive pleadings and motion practice to date" and "costs associated with discovery." Dkt. No. 58 at 14–15 n.4. In reply, IMS argues that costs and fees should not be awarded and states, "In the event the Court believe[s] fees and costs are warranted, then IMS withdraws its request for the Court to dismiss this action without prejudice." Dkt. No. 60 at 13.

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Dismissal of an action under Federal Rule of Civil Procedure 41(a)(2), whether with or without prejudice, is firmly within the sound discretion of the trial court. *See* 9 Wright & Miller, *Fed. Prac. & Proc.: Civil*, § 2364 (4th ed.). Motions for voluntary dismissal should be granted except when a defendant can show that the dismissal will result in "plain legal prejudice." *Santa Rosa Mem'l Hosp. v. Kent*, 688 F. App'x 492, 493 (9th Cir. 2017) (citing *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001)). "A defendant may be awarded fees and costs only for work performed prior to a plaintiff's motion for voluntary dismissal, and then only for work that cannot be used in any future litigation of the same or similar matters." *Hepp v. Conoco, Inc.*, 97 F. App'x 124, 125 (9th Cir. 2004).

Here, at minimum, Posabit will be entitled to the fees and costs incurred for responding to IMS's motion to reopen discovery (Dkt. No. 28) and this motion (Dkt. No. 53), because that work would not be used in a subsequent case. Because Posabit is entitled to at least certain fees upon a Rule 41(a)(2) dismissal, consistent with IMS's position on reply, the Court will consider IMS's motion to dismiss without prejudice withdrawn.

## III.  CONCLUSION

For these reasons, the Court DENIES IMS's motion to reopen expired case deadlines and DENIES AS MOOT IMS's motion to dismiss without prejudice or terms.  Dkt. No. 53.

Further, since the parties have failed to provide their availability for trial, as twice requested, the Court sets the following trial date and deadlines:

| Event | Date |
|---|---|
| JURY TRIAL SET FOR 9:30 a.m. on | **11/12/2024** |
| Length of trial | 4 days |
| All motions in limine must be filed by | 10/8/2024 |
| Proposed jury instructions and agreed LCR 16.1 Pretrial Order due, including exhibit list with completed authenticity, admissibility, and objections fields | 10/22/2024 |
| Trial briefs, proposed voir dire questions, and deposition designations due | 10/29/2024 |
| Pretrial conference scheduled at 10:00 a.m. on | 11/5/2024 |

Dated this 15th day of August, 2024.

*Kymberly K. Evanson*
Kymberly K. Evanson
United States District Judge